IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN PAUL ENGEL,

    Plaintiff,

v.                                              Civil Action No. **3:09CV359**

**SHERIFF FRANCIS,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Brian Paul Engel, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this diversity action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

2

*Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). For example, in the present action the Court deems Engel to claim that he was denied the constitutional right to reasonable access to the courts. If Engel contends that the defendants' conduct violated some other constitutional provision, he must submit an appropriate amended complaint in accordance with the instructions set forth below.

## Summary of Allegations and Claims

In May and June of 2009, Engel was confined in the Southampton County Jail ("Jail"). On May 20, 2009, Engel asked Deputy Vance for legal information and case law on sodomy, animate object sexual penetration, and aggravated sexual battery. Deputy Vance told Engel to call his lawyer for that information. Thereafter, Engel filed grievances complaining that he had been denied his right to help his lawyer prepare for trial. Sergeant Doyle and Captain Covenant responded to the grievances and stated that the Jail could not provide the legal information Engel requested and that Engel would have to ask his lawyer. Sergeant Doyle explained that the Jail did not have an extensive library.

On May 28, 2009, Engel filed a grievance wherein he complained that he was denied his right to make a legal phone call. Deputy Doyle responded to his grievance and informed Engel

that he could write to his lawyer. Engel acknowledges that there is a phone available by the inmates' cells, but he asserts he does not want to use that phone because it is recorded by Jail officials. Additionally, Engel asserts that he cannot use the phone by the inmates' cells because the phone company blocks his collect calls to his attorney. Engel demands $500,000 in damages. Engel contends that he is entitled to relief because the "Jail has denied me my constitutional right to legal information, and legal phone calls to make a proper defense for trial." (Compl. Part IV.) Engel names four jail officials as defendants and demands $500,000.

## Analysis

Prisoners have a right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right can be vindicated "either by providing prisoners with adequate law libraries or with adequate assistance from persons trained in the law." *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (*citing Bounds*, 430 U.S. at 828); *Alley v. Angelone*, 962 F. Supp. 827, 837 (E.D. Va. 1997) (holding that "[s]tates need not provide both law libraries and advisors" to fulfill their constitutional obligations (*citing Smith v. Bounds*, 813 F.2d 1299, 1302 (4th Cir. 1987)); *Williams v. Leeke*, 584 F.2d 1336 (4th Cir. 1978)). Furthermore, in order to plead a backward-looking denial of access to the courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that he was prevented from litigating by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351-53 & n.3 (1996).

Because Engel was represented by an attorney in his pending criminal case, he had no constitutional entitlement to access to an adequate law library or other legal materials. *See Saunders v. Dickerson*, No. 1:07cv01094, 2008 WL 2543428, at *3 (E.D. Va. June 25, 2008),

4

*aff'd*, 313 F. App'x 665 (4th Cir. 2009) (No. 08-7268), *available at* 2009 WL 489992.
Furthermore, Engel has not adequately pled any actual injury he sustained by the requirement to seeking legal materials from his trial counsel. *Lewis*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."); *Bell v. Franis*, No. 1:09cv00650, 2009 WL 2877079, at *2 (E.D. Va. Sept. 3, 2009) (concluding a plaintiff who merely alleges an inability to help his lawyer prepare for his criminal case did not sufficiently allege an actual injury), *aff'd* No. 09-7728, 2009 WL 4919910, at *1 (4th Cir. Dec. 21, 2009). Accordingly, it is RECOMMENDED that Engel's claim that he was denied reasonable access to the courts by virtue of the Jail's inadequate law library be DISMISSED.

Next, Engel contends that his rights were violated by the failure of Jail officials to provide him with the ability to make unmonitored phone calls to his lawyer and he contends that the phone company blocked collect calls to his attorney. "Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use." *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) (*citing Bounds*, 430 U.S. at 823, 832; *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989)); *see also O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (concluding inmate had no right to contact visit with paralegal). As the Honorable Leonie M. Brinkema recently concluded in a case where the plaintiff claimed he had no access to a phone at all, "Plaintiff's claim here fails because there is no suggestion from the complaint that plaintiff was unable to contact his attorney . . . to prepare for his criminal case by means other than the telephone." *Saunders*, 2008 WL 2543428, at *4. Engel's case falls short of the total denial of

access to counsel. Engel's own recitation of the facts indicates that he could mail letters to his attorney. More importantly, Engel also does not suggest that he was denied confidential personal visits. Although Engel alleges that he was convicted and sentenced for some unspecified crime, he fails to allege sufficient facts to plausibly suggest that he sustained a harm traceable to the restrictions on communicating with his attorney. *See id.* at *4; *Bell*, 2009 WL 2877079, at *2 (rejecting nearly identical claim). *Cf. United States v. Lentz*, 419 F. Supp. 2d 820, 835 (E.D. Va. 2005) (concluding that jail's policy of recording all telephone conversations did not violate criminal defendant's Sixth Amendment right to counsel). Accordingly, it is RECOMMENDED that Engel's claim that he was denied the right to reasonable access to the courts by the restrictions upon his phone calls to counsel be DISMISSED.

Engel is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Engel wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Engel must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional

right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

    The Clerk is DIRECTED to send a copy of the Report and Recommendation to Engel.

    And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 7-27-10
Richmond, Virginia